**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **AMCO INSURANCE COMPANY,** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:26-cv-7464** |
| | § | |
| **SOUTHEAST FIRE PROTECTION LP,** | § | |
| | § | |
| ***Defendant.*** | § | |

**ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**

AMCO Insurance Company ("AMCO") files this Original Complaint for Declaratory Judgment pursuant to the Declaratory Judgments Act, 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, naming as defendant Southeast Fire Protection LP ("SEFP") and shows:

**SUMMARY**

1. AMCO seeks a declaration that it did not owe a duty to defend or indemnify SEFP for an underlying lawsuit filed in Harris County District Court in which Alfredo Flores, an employee of SEFP's, was injured while trying to access sprinkler pipes via a ladder placed on a scissor lift. Flores received considerable Worker's Compensation benefits under the policy issued by AMCO. Until the Sixth Amended Petition filed in that lawsuit, Flores only alleged intentional conduct by SEFP. Prior to the filing of such petition, AMCO denied coverage to SEFP for the lawsuit under the Employer's Liability section of the policy per the insuring agreement accident requirement and intentional acts exclusion. The Sixth Amended Petition included a cause of action for negligence against SEFP. SEFP sought coverage from AMCO based on this amendment. AMCO properly denied based on the Employer's Liability section exclusion for "[a]ny obligation imposed by a workers compensation, occupational disease,

unemployment compensation, or disability benefits law, or any similar law." AMCO seeks a declaration that it owed no duties under the Employer's Liability section of the policy.

## PARTIES

2. Plaintiff AMCO is an Iowa corporation with its principal place of business in Des Moines, Iowa.

3. Defendant SEFP is a Texas entity, formed under the laws of Texas, with its principal office located in Harris County, Texas. SEFP may be served by serving its registered agent for process, Dwight E. Bateman, at 5600 Berrybrook, Houston, TX 77017, or wherever he may be located.

## JURISDICTION AND VENUE

4. The court has jurisdiction pursuant to 28 U.S.C. 1332(a)(1) because this action is between citizens of different states and the amount in controversy exceeds the sum of 75,000.00, exclusive of interest and costs.

5. Venue is proper in the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. 1391(b)(1)-(2), in that it is the judicial district in which defendant resides; and the underlying lawsuit giving rise to the claims at issue was in this district.

## FACTUAL BACKGROUND

6. SEFP has been involved in litigation in the case styled: Cause # 2023-10072; *Alfredo Flores & Anglic Flores v. K. Low Construction, LLC; and Southeast Fire and Protection, LP*; 113th District Court, Harris County, Texas (the "Underlying Lawsuit").[1]

7. On 11/3/2023, the petition in the "Underlying Lawsuit" was amended to allege that "SEFP L.P. committed an intentional injury to Plaintiff by requiring him to work from a

[1] Exhibit A: Third Amended Petition; Exhibit B: Sixth Amended Petition.

ladder placed in the scissor lift. This intentional injury proximately caused Plaintiff's damages."[2]

8. On 9/5/2024, AMCO denied coverage based on the Employer's Liability section of the policy insuring agreement requirement that the injury be caused by an accident and the intentional acts exclusion.[3] Consequently, there was no coverage under the AMCO Employer's Liability policy section as such allegations did not constitute an accident and were otherwise subject to an exclusion for "bodily injury intentionally caused by [SEFP]".

9. On 10/10/2025 SEFP sent AMCO a letter requesting AMCO to re-evaluate under the Sixth Amended Petition because it added claims for negligence and gross negligence against SEFP.[4] The Sixth Amended Petition alleged that "Plaintiff, ALFREDO FLORES ("Flores"), worked for the company installing a fire sprinkler system in the Yokohama Tire Company plant in Houston."[5] Flores fell from a ladder put on a scissor lift as he tried to reach sprinkler pipes.[6] It is alleged: "Plaintiffs would show that requiring workers to access the sprinkler pipes with ladders in the scissor lift made it, at the very least, substantially certain that Plaintiffs would get injured."[7]

10. The Sixth Amended Petition asserts: "SEFP committed an intentional injury to Plaintiff by requiring him to work from a ladder placed in the scissor lift without requiring the employees to be tied off. SEFP had actual knowledge that climbing a scissor lift without a vest, let alone using ladders in violation of OSHA, would be substantially certain to result the injury to Plaintiff, specifically. This intentional injury, as known in law, proximately caused Plaintiffs' damages. Because of the intentional nature of the injury, Plaintiff is also entitled to recover

---

[2] Exhibit A: Third Amended Petition, ¶ 8.
[3] Exhibit C: AMCO Letter dated 9/5/2024.
[4] Exhibit D: SEFP's Counsel's Letter dated 10/10/2025.
[5] Exhibit B: Sixth Amended Petition, ¶ 7.
[6] Exhibit B: Sixth Amended Petition, ¶ 7.
[7] Exhibit B: Sixth Amended Petition, ¶ 7.

exemplary damages."[8]

11. The Sixth Amended Petition also asserts: "SEFP had a duty to use reasonable care, but it failed to do so, and such negligence proximately caused Plaintiffs' injuries. Plaintiffs also plead that SEFP proceeded with conscious indifference and malice as to Flores, and that such gross negligence proximately caused Plaintiffs' damages. Thus, Plaintiffs plead an intentional tort, negligence, and gross negligence."[9]

12. AMCO paid considerable Workers Compensation benefits on behalf of SEFP to Flores on this claim.[10] The Sixth Amended Petition expressly acknowledges this: "SEFP tricked Flores into accepting benefits without the information needed to do so; that is, the information SEFP knew he needed and that would form the basis of a defense to that uniformed decision."[11]

13. AMCO's counsel sent a letter on behalf of AMCO denying coverage for the reasons discussed herein on 11/6/2025.[12] SEFP's counsel sent a response letter on 2/23/2026 devoid of any significant case law discussion.[13] AMCO's counsel sent a response reiterating its position on 2/26/2026.[14] On 2/26/2026 and 2/27/2026 emails to the same effect were exchanged.[15]

14. SEFP has issued a demand to AMCO seeking the amount it paid to settle the Underlying Lawsuit as well as the amount it paid to defend itself in the Underlying Lawsuit. Such amounts are well in excess of $75,000, exclusive of interest and costs.

## <u>POLICY AND REQUEST FOR DECLARATORY RELIEF</u>

15. AMCO issued Standard Workers Compensation and Employers Liability policy

---

[8] Exhibit B: Sixth Amended Petition, ¶ 9.
[9] Exhibit B: Sixth Amended Petition, ¶ 10.
[10] Exhibit B: Sixth Amended Petition, ¶ 11.
[11] Exhibit B: Sixth Amended Petition, ¶ 11.
[12] Exhibit E: Letter sent on behalf of AMCO on 11/6/2025.
[13] Exhibit F: Letter sent on behalf of SEFP on 2/23/2026.
[14] Exhibit G: Letter sent on behalf of AMCO on 2/26/2026.
[15] Exhibit H: Email exchange of 2/26/2026 & 2/27/2026.

number ACP WCA 3019723655 to Southeast Fire Protection LP; effective from 5/1/2021 to 5/1/2022; $1,000,000 Employers Liability Each Accident Limit.[16] SEFP seeks coverage under the Employers Liability coverage section which provides in pertinent part:

**PART TWO**
**EMPLOYERS LIABILITY INSURANCE**

**A. How This Insurance Applies**

This employers liability insurance applies to bodily injury by accident or bodily injury by disease. Bodily injury includes resulting death.

1. The bodily injury must arise out of and in the course of the injured employee's employment by you.

2. The employment must be necessary or incidental to your work in a state or territory listed in Item 3.A. of the Information Page.

3. Bodily injury by accident must occur during the policy period.

***

**C. Exclusions**

This insurance does not cover:

***

4. Any obligation imposed by a workers compensation, occupational disease, unemployment compensation, or disability benefits law, or any similar law;

5. Bodily injury intentionally caused or aggravated by you….

**D. We Will Defend**

***

We have no duty to defend a claim, proceeding or suit that is not covered

[16] Exhibit I: AMCO Standard Workers Compensation and Employers Liability policy ACP WCA 3019723655.

> by this insurance. We have no duty to defend or continue defending after we have paid our applicable limit of liability under this insurance.[17]

16. The Sixth Amended Petition alleges that SEFP committed an intentional injury by requiring Flores to work from a ladder placed in the scissor lift, and that SEFP had actual knowledge that this was substantially certain to result in the injury.[18] Consequently, the Employer's Liability section insuring agreement is not met as such allegations do not constitute an accident. Further, such allegations are otherwise excluded by the Employer's Liability section exclusion for "bodily injury intentionally caused by [SEFP]".[19]

17. The Sixth Amended Petition alleges that SEFP violated a standard of care.[20] All non-intentional conduct allegations are excluded per exclusion 4 which excludes Employer's Liability coverage for "[a]ny obligation imposed by a workers compensation, occupational disease, unemployment compensation, or disability benefits law, or any similar law."[21]

AMCO requests a judgment from this Court that: (1) AMCO did not owe a duty to defend SEFP in the underlying lawsuit; (2) AMCO does not owe a duty to indemnify SEFP for the amount it paid to settle the Underlying Lawsuit, and for such other relief to which it may be entitled in law or equity.

---

[17] Exhibit I: AMCO Standard Workers Compensation and Employers Liability policy ACP WCA 3019723655.
[18] Exhibit B: Sixth Amended Petition.
[19] Exhibit I: AMCO Standard Workers Compensation and Employers Liability policy ACP WCA 3019723655.
[20] Exhibit B: Sixth Amended Petition.
[21] Exhibit I: AMCO Standard Workers Compensation and Employers Liability policy ACP WCA 3019723655.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: */s/Chris Gabriel*
Chris Gabriel
Texas Bar No. 24074237
2102 E. State Highway 114, Suite 207
Southlake, TX 76092
Ph: 817-722-9452
Fax: 817-488-3214
chris.gabriel@phelps.com

**COUNSEL FOR PLAINTIFF**
**AMCO INSURANCE COMPANY**